NORTH CHICAGO CITY RAILWAY COMPANY

*v.*

TOWN OF LAKE VIEW.

|105  183|
|199  269|

*Filed at Springfield Sept. 28, 1882—Rehearing denied January Term, 1883.*

MUNICIPAL CORPORATION—*power to pass ordinance protecting use of its streets.* An incorporated town, by its charter clothed with a general police power over its streets, and also with a like general power over the subject of nuisances, has the right and authority to pass an ordinance requiring a city railway company to make its railway track, located in and along any of its streets, conform to the requirements thereof, so as to enable wagons, carriages and other vehicles to pass over its track without inconvenience or danger, and to punish for a failure to do so.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Criminal Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Mr. W. C. GOUDY, for the appellant:

The railroad specified in the notice of the supervisor is not a horse railroad, and it does not come within the provisions of the ordinance. Penal statutes and ordinances are to be strictly construed. *Waddle* v. *Duncan*, 63 Ill. 223; *Chicago and Alton R. R. Co.* v. *Howard*, 38 id. 414; *Chicago* v. *Rumpff*, 45 id. 90; *Bullock* v. *Geomble*, id. 218; *Chicago and Northwestern R. R. Co.* v. *Stanbro*, 87 id. 195; *Lair* v. *Killmer*, 1 Dutch. 525.

The ordinance under which the conviction was had was invalid, for the want of authority in the board of trustees to pass it. A municipal corporation can only exercise such powers as may be expressly conferred upon it by the legislature, or such as are necessary to carry out the powers expressly granted. *Chicago* v. *Rumpff*, 45 Ill. 90; Dillon on Municipal Corp. secs. 89, 141; *Schott* v. *People*, 89 Ill. 195; *Champaign* v. *Harmon*, 98 id. 491; *Sherlock* v. *Winnetka*, 68 id. 530; *Miller* v. *Goodwin*, 70 id. 663; *People* v. *Village of*

*Crotty,* 93 id. 180; *Cook County* v. *McCrea,* id. 236; *Allen* v. *Insurance Co.* 72 id. 329.

If it should be claimed that this ordinance can be sustained under a general police power, the answer is, first, that no general police power is conferred upon this board of trustees; and second, that local improvements can not be compelled under a general police power, as expressly decided in *Gridley* v. *Bloomington,* 88 Ill. 557, and *Ottawa* v. *Spencer,* 40 id. 211. See, also, Cooley on Taxation, 106.

Mr. M. W. Robinson, for the appellee:

So much of the ordinance as is in question in this case is a valid and reasonable exercise of the police power of the town over the streets. *Kettering* v. *Jacksonville,* 50 Ill. 39; *Fash* v. *Third Avenue Ry. Co.* 1 Daly, 150; *Regina* v. *Train,* 2 B. & S. 640.

The things complained of are in violation of appellant's charter, and of the conditions under which its tracks were allowed to be laid.

That the supervisor's notice was sufficient, see *Town of Lewiston* v. *Proctor,* 27 Ill. 419.

Per Curiam: This is an appeal by the North Chicago City Railway Company from a judgment of the Appellate Court for the First District, affirming a conviction of the company in the Criminal Court of Cook county, under a town ordinance of the town of Lake View, for a failure on the part of the company to make its railway track, located in and along one of the streets of the town, conform to the requirements of the town ordinance, so as to enable wagons, carriages and other vehicles to pass over its tracks without inconvenience or danger.

It was held in another case between the same parties, decided at the present term of this court, (*post,* p. 207,) that the municipal authorities of the town of Lake View are, by

virtue of the provisions contained in its charter, clothed with a general police power over the streets of the town, and also with a like general power over the subject of nuisances, and that by virtue of these powers they had the right and authority to declare the running and operating its cars on a street railway by means of a dummy engine propelled by steam, in the absence of a legislative grant for that purpose, a nuisance; and if we are correct in the conclusion reached in that case, it must be conceded the town authorities had ample authority to adopt the ordinance under which this prosecution was instituted, and of this we have no doubt.    So far as the facts are concerned which were necessary to be shown in order to bring the case within the provisions of the ordinance, we have nothing to do with them.    They are conclusively settled by the judgment of the Appellate Court.

Conceding, then, as we must, the town authorities had the right to pass the ordinance, and that appellant is conclusively shown to have committed a breach of it, it follows the conviction was proper, and that the judgment of the Appellate Court should therefore be affirmed, which is accordingly done.

*Judgment affirmed.*

Mr. CHIEF JUSTICE SCOTT dissenting.